**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jose Everardo Cabrera-Gonzalez, | No. CV 10-1368-PHX-GMS (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Eric H. Holder, Jr., | |
| Respondent. | |

Petitioner Jose Everardo Cabrera-Gonzalez (A027-146-701), who is confined in the Pinal County Jail in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and an Application to Proceed *in Forma Pauperis* (Doc. 3). The Court will grant the Application and dismiss the Petition for lack of jurisdiction.

Petitioner challenges his 1985 removal order. He argues that the Immigration Judge improperly prevented him from filing an application for asylum. Petitioner seeks an order vacating his 1985 removal order "and any reinstatement orders that followed as a direct result of [his] original removal order." (Doc. 1 at 9.) The Court lacks jurisdiction to consider Petitioner's claims.

Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), the district courts do not have habeas corpus jurisdiction to review an order of removal. Iasu v. Smith 511 F.3d 881, 886 (9th Cir. 2007). The REAL ID Act amended 8 U.S.C.

§ 1252(a)(5) to provide that "a petition for review filed with an appropriate court of appeals in accordance this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]"). 8 U.S.C. § 1252(a)(5). This Court therefore lacks jurisdiction to hear Petitioner's challenge to his 1985 removal order.

Subsection 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case "challenging a final administrative order of removal . . . **is pending in a district court on the date of enactment**, then the district court shall transfer the case . . . to the [appropriate] court of appeals." REAL ID Act §106(c) (emphasis added). This action, however, cannot be transferred under § 106(c) of the REAL ID Act because it was not pending in this Court on the date of enactment. See Iasu 511 F.3d at 888-89. Accordingly, the Petition will be dismissed for lack of jurisdiction.

**IT IS ORDERED** that Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) and this action are **dismissed** for lack of jurisdiction. The Clerk of Court must enter judgment accordingly.

DATED this 30th day of August, 2010.

G. Murray Snow
United States District Judge